The opinion of the Court was drawn up by
Davis, J.
In 1846 the plaintiff contracted for the purchase of a farm, on which there was a house and a barn. He afterwards sold and removed the barn, and erected another in its place ; and another small house was purchased by him, moved upon the farm, and left standing upon blocks, but not otherwise attached to the soil.
After twelve or thirteen years, the plaintiff being unable to pay for the farm, voluntarily abandoned it, still claiming to own the buildings as personal property. The owner of the land thereupon sold the premises to the defendant, Benjamin R. Rackliff, by his deed dated Nov. 12, 1858; and the defendant sold to Philip H. Rackliff, Nov. 25, 1859. The plaintiff claims that this sale was a conversion of the buildings; and he has brought this action of trover therefor. Upon the trial the verdict was for the' defendant.
*363 The defendant in his specifications alleged "that the buildings, at the time of the alleged conversion, were the property of Philip II. Raekliff, and a part of his real estate.” The plaintiff claimed that this was no denial of the conversion, and that it was not incumbent on him to prove it; but the Court ruled otherwise.
It is not necessary that specifications of defence should be equivalent in terms to a technical plea, though they state the grounds of defence more particularly. What would be sufficient for a plea might be insufficient for specifications of defence. Hart v. Hardy, 42 Maine, 196. And it is equally true that what would be bad as a plea might be good as a specification of the defence. The allegation that the plaintiff did not own the property sued for, but that it was the property of Philip II. Raekliff, and a part of his real estate, is a specification of facts to support a plea denying a conversion, rather than such a denial. That they would, if proved, sustain such a plea, there can be no doubt. If the specifications had merely denied the alleged conversion, they would have been insufficient, as being merely equivalent to a plea of the general issue. But, as they set out the facts to be proved in support of such a plea, they are sufficient; and the ruling of the Court was correct.
The counsel for the plaintiff requested the Court to instruct the jury that, if any of the "buildings were placed on the land without the consent of the owner, yet if he and the owner of the buildings agreed that the buildings were personal property, they would become so; and the owner’s deed of the land would not pass the title to the buildings.”
There was no evidence in the case to warrant any such instruction. The most that can be claimed, upon the plaintiff’s own testimony, is, that the grantor of the defendant assented to the opinion that he did not own the buildings, because they were personal property, belonging to the plaintiff.
But the requested instruction was intrinsically unsound and erroneous. Real estate cannot be converted into personal pi’operty by a mere parol agreement, so as to defeat *364 the title of a subsequent purchaser. If one having a good record title to a dwellinghouse could have it taken from him and removed, upon proof that a prior owner had sold it as personal property, when in fact it was not personal property, it would overturn all security in such titles.

Motion and exceptions overruled.

Appleton, C. J., Cutting, Kent and Walton, JJ., concurred.